**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BRANDON DANTE BARNES, | : | Civil No. 3:25-cv-372 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| LT. TREVERTHAN, *et al.*, | : | |
| Defendants | : | |

## ORDER

**AND NOW**, this 2nd day of July , 2026, upon consideration of Defendants'

motion to dismiss (Doc. 32), and the parties' respective briefs in support of and in opposition

to said motion, and for the reasons set forth in the accompanying Memorandum, **IT IS**

**HEREBY ORDERED THAT**:

1.      The motion (Doc. 32) is **GRANTED** in part and **DENIED** in part.

2.      The motion is **GRANTED** as to Plaintiff's First Amendment retaliation claim
against Defendant Treverthan, the Eighth Amendment claim against
Defendant Treverthan, the procedural due process claims against Defendants
McKeown and Hogan, the substantive due process claim against Defendant
Hogan, the defamation, slander, and libel claims against Defendant
Treverthan as barred by the statute of limitations, the state tort claims of
defamation, slander, negligence, and civil conspiracy based on sovereign
immunity, and the claims for declaratory and injunctive relief, and these
claims are **DISMISSED** with prejudice.  The Clerk of Court is directed to
**TERMINATE** Lieutenant Treverthan, Hearing Examiner McKeown, and
Facility Manager's Assistant and Grievance Coordinator Hogan as
Defendants in this action.

3.    The claims against Defendant Ransom are **DISMISSED**. The Clerk of Court is directed to **TERMINATE** Superintendent Ransom as a Defendant in this action.

4.    The motion is **DENIED** as to Plaintiff's claims against Defendants Hogan[1], Innis, Bohinski, Contreras, Ashton, Gavlick, Guzenski, Goyne, Austin, Reich, and Namowicz as violative of Rule 20, the claims against Defendants Innis, Bohinski, Contreras, Ashton, Gavlick, Guzenski, Goyne, Austin, Reich, and Namowicz as violative of Rule 8(a)(3), and the claims against Defendants Innis, Bohinski, Contreras, Ashton, Gavlick, Guzenski, Goyne, Austin, Reich, and Namowicz for lack of personal involvement and as violative of Rule 8.

5.    The Rule 12(f) motion to strike is **DENIED**.

6.    Plaintiff's claims against Defendants Innis, Bohinski, Contreras, Ashton, Gavlick, Guzenski, Goyne, Austin, Reich, and Namowicz shall proceed. The remaining Defendants shall **FILE** an answer on or before July 21, 2026.

7.    Discovery shall be completed on or before August 31, 2026. In accordance with Local Rule of Court 5.4(b), the parties shall refrain from filing discovery requests with the Court.

8.    On or before September 15, 2026, the parties shall **NOTIFY** the Court of whether they are amenable to mediation.

9.    On or before September 15, 2026, the parties shall **NOTIFY** the Court of their willingness to consent to the jurisdiction of a United States Magistrate Judge. See 28 U.S.C. § 636(c).

10.    Dispositive motions shall be filed on or before September 30, 2026.

11.    No extensions of the pre-trial schedule shall be granted absent good cause. See FED. R. CIV. P. 16(b).

12.    Any motions or briefs filed after the expiration of the applicable deadline, without prior leave of court, shall be stricken from the record.

---

[1]    While the Court finds that the claims against Defendant Hogan should not be dismissed under Rule 20, the Court finds that the claims against Defendant Hogan fail on the merits, as set forth in the accompanying Memorandum.

2

13.    The scheduling of a final pre-trial conference and the trial date of this matter is deferred pending disposition of dispositive motions.

14.    Any appeal from this Order is deemed frivolous and not in good faith. *See* 28 U.S.C. § 1915(a)(3).

Robert D. Mariani
United States District Judge